FILED

18 APR 18 PM 2:57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ARIEL BOITEUX,<br><br>              Defendant. | Case No. __18 CR 2025 H__<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 875(d) – Foreign Transmission of an Extortionate Threat; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

### Count 1

18 U.S.C. § 371

1. Beginning at least in or about July 2015, and continuing through November 2017, in an offense begun outside of the jurisdiction of any particular State and district of the United States, and committed within the Southern District of California and elsewhere, defendant ARIEL BOITEUX, who will be first brought to the Southern District of California, knowingly and intentionally conspired and agreed with persons known and unknown to the grand jury, to transmit in interstate and foreign commerce communications containing threats to injure the

AJGA:nlv:San Diego
4/17/18

reputations of the addressees and of another, with the intent to extort from a person money and other things of value; in violation of Title 18, United States Code, Section 875(d).

## PURPOSE OF THE CONSPIRACY

2. It was the purpose of the conspiracy for the defendant and his co-conspirators to profit by obtaining sensitive photographs and recordings of victims and demanding payment from the victims in exchange for not publicly disclosing the photographs and recordings, and by selling the photographs and recordings to third parties.

## MANNERS AND MEANS

3. In furtherance of this conspiracy, and to accomplish its objects, the following manners and means were used, among others:

    a. The defendant and his co-conspirators, using the business name *Amarres Inmediatos*, offered to conduct rituals that, among other things, would purportedly help foster romantic relationships for the rituals' participants.

    b. The defendant and his co-conspirators established websites for *Amarres Inmediatos*, including "amarres-inmediatos.com," which contained information about the services provided, purported testimonies from past clients, and contact information.

    c. The defendant and his co-conspirators advertised *Amarres Inmediatos* on online marketplaces such as *MercadoLibre*, and on social media platforms such as Facebook and Instagram.

    d. For prospective clients who contacted *Amarres Inmediatos*, the defendant and his co-conspirators would offer, for a fee, to conduct the advertised rituals remotely.

    e. The defendant and his co-conspirators would provide these individuals with a list of items to obtain for the ritual, which

2

typically included candles, alcohol, food items, and photographs. Once individuals purchased the requested items, the defendant and his co-conspirators would explain how to arrange the items and perform the rituals. The defendant and his co-conspirators would further instruct the individuals to take photographs and video recordings of the rituals.

  f. During the rituals, the defendant and his co-conspirators would instruct the individuals to, among other things, drink alcohol, recite sexually explicit statements, and perform sexual acts. The defendant and his co-conspirators would then instruct the individuals to send photographs and recordings of the rituals to the defendant and his co-conspirators via electronic communications.

  g. After obtaining the photographs and recordings, the defendant and his co-conspirators would threaten to publicize the photographs and recordings unless the individuals paid money.

  h. The defendant and his co-conspirators would post photographs and recordings of the individuals on publicly available websites and social media platforms and would threaten to allow the photographs and recordings to remain publicly available unless the individuals paid the amount of money demanded.

  i. The defendant and his co-conspirators would instruct the individuals to wire money through Western Union.

  j. The defendant and his co-conspirators would tell individuals that businesses that publish tabloid magazines, among other businesses, would purchase the sensitive photographs and recordings if the individuals refused to pay the amount demanded.

  k. The defendant and his co-conspirators would sell the sensitive recordings to individuals purportedly involved in the commercial production and distribution of sexually explicit material.

OVERT ACTS

4. In furtherance of this conspiracy, and to carry out its objects, the defendant ARIEL BOITEUX and his co-conspirators committed or caused to be committed, in the Southern District of California and elsewhere, the following overt acts, among others:

   a. On or about July 28, 2015, a co-conspirator obtained hosting services for the website "amarres-inmediatos.com."

   b. On or about February 24, 2017, defendant ARIEL BOITEUX sent a message to Victim 1 through WhatsApp threatening to post recordings of Victim 1 on YouTube.

   c. On or about March 21, 2017, defendant ARIEL BOITEUX sent a YouTube link to Victim 2 and claimed that he uploaded a video recording to YouTube of Victim 2 engaging in a ritual.

   d. On or about October 9, 2017, defendant ARIEL BOITEUX caused $800 to be wired to a co-conspirator from a Western Union agent location in San Diego, California.

   e. On or about October 9, 2017, defendant ARIEL BOITEUX and a co-conspirator retrieved the $800 wired from San Diego, California at Cambios Chaco in Ciudad del Este, Paraguay.

All in violation of Title 18, United States Code, Section 371.

### Count 2

18 U.S.C. § 875(d)

5. On or about March 21, 2017, in an offense begun outside of the jurisdiction of any particular State and district of the United States, defendant ARIEL BOITEUX, who will be first brought to the Southern District of California, with the intent to extort money and things of value from Victim 2, knowingly transmitted in interstate and foreign commerce to the United States, communications containing a threat to

injure the reputation of Victim 2, that is, defendant ARIEL BOITEUX threatened to publicize sexually explicit recordings of Victim 2 if Victim 2 refused to pay a specified amount of money; in violation of Title 18, United States Code, Section 875(d).

### Count 3

### 18 U.S.C. § 875(d)

6. On or about March 23, 2017, in an offense begun outside of the jurisdiction of any particular State and district of the United States, defendant ARIEL BOITEUX, who will be first brought to the Southern District of California, with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce to the United States, communications containing a threat to injure the reputation of Victim 1, that is, defendant ARIEL BOITEUX threatened to publicize sensitive recordings of Victim 1 if Victim 1 refused to pay a specified amount of money; in violation of Title 18, United States Code, Section 875(d).

### FORFEITURE ALLEGATION

7. Upon conviction of one or more of the offenses alleged in this Indictment as set forth in Counts 1 through 3 and pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure, defendant ARIEL BOITEUX shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violations.

8. If any of the above-described forfeited property, as a result of any act or omission of defendant ARIEL BOITEUX, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction

of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described above subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: April 18, 2018.

A TRUE BILL:

Foreperson

ADAM L. BRAVERMAN
United States Attorney

By:
ANDREW J. GALVIN
Assistant U.S. Attorney